# IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### BRYSON CITY DIVISION
### 2:04cv255

| | |
|---|---|
| KIM C. LONDO, | ) |
| Plaintiff, | ) |
| Vs. | ) ORDER |
| JOANNE BARNHART, Commissioner of Social Security, | ) |
| Defendant. | ) |

**THIS MATTER** is before the court in accordance with 28, United States Code, Section 636(C), and upon plaintiff's application for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), filed September 28, 2005. Defendant filed a response to the plaintiff's application on October 19, 2005, arguing that plaintiff is not entitled to an award of reasonable attorney's fees and paralegal costs for assistance because the Commissioner's defense of her final decision was substantially justified, and further contends that even if it was not, the number of hours charged and the hourly rate suggested are excessive and should be reduced before an award is made. The court will address each contention *seriatim*.

## I. Substantial Justification

Defendant first contends that an award under EAJA should not be made because her defense of this matter was "substantially justified." Inasmuch as a decision and judgment was entered more than 60 days ago, the court will not revisit or reconsider the merits of the case. This court found, however, as follows:

> the ALJ disregarded Dr. Avignone's opinion based on the unreliability of the information plaintiff provided to such doctor. When evaluating the plaintiff's credibility by reference to conduct observed at the hearing, the ALJ must take

1

into account medical opinion evidence regarding any mental disorder that the plaintiff may be suffering from and which may have impacted his testimony. Brandon v. Gardner, 377 F.2d 488, 490-91 (4th Cir. 1967). For example, if being a compulsive liar is a symptom of a certain mental disease, then it would be inappropriate to reject a diagnosis of that mental disease simply because the patient lied.

\* \* \*

In rejecting the opinion of Dr. Avignone based on testimony that could be delusional without first employing a mental heath advisor, the ALJ has improperly substituted her own medical judgment for that of a trained expert in the field of inquiry.

> The ALJ's conclusion that the plaintiff's "only mental impairment of consequence ... is [sic ] mild mental or intellectual limitations" . . . is primarily based on his personal assessment of her credibility. While the ALJ is best placed to determine matters of credibility, the ALJ may not arbitrarily reject the testimony of the scientific experts in the case on the ground that his own personal opinion leads to a contrary result.

McBryde v. Secretary of Health and Human Services, 958 F.2d 371 (unpublished), 1992 WL 56755, at 2 (6th Cir. 1992). Put another way, by rejecting the mental health opinion evidence before taking such evidence into consideration, the ALJ failed to consider whether plaintiff suffered from a mental disorder which may have been the root cause of his testimony. Brandon v. Gardner, surpa.

Memorandum of Decision, at 10 & 14. The court further noted that the ALJ had otherwise done "a most thorough review of the record," and remanded the matter for purposes of conducting a new hearing and employing a mental health advisor. Id., at 15.

There is no presumption in favor of an award of fees under EAJA simply where the claimant prevails and the case is remanded for a new hearing. Marcus v. Shalala, 17 F.3d 1033, 1036 (7th Cir.1994). Where the Commissioner opposes an ward of fee based on "substantial justification," she bears the burden of showing that the government's position was "substantially justified." Jackson v. Chater, 94 F.3d 274, 278 (7th Cir.1996).

In order to satisfy her burden, the Commissioner's must show that her defense of a final decision is "substantially justified" when it had a reasonable basis both in law and fact. Pierce v. Underwood, 487 U.S. 552, 565 (1988). The Commissioner's position must be "justified in substance or in the main- - that is, justified to a degree that could satisfy a

reasonable person." Id., at 565 (internal quotation omitted). The Commissioner's position need not be " 'justified to a high degree,' " id., at 565, but it must be "more than merely undeserving of sanctions for frivolousness." Id., at 566.

The court's consideration of an award of attorneys fees requires consideration of both the government's posture during the litigation and the pre-litigation action on which the litigation was based. Id., at 496-97. Expressed more succinctly,

> conduct was not substantially justified even though its litigating position may have been substantially justified and *vice versa*. In other words, the fact that the government's litigating position was substantially justified does not necessarily offset prelitigation conduct that was without a reasonable basis

Marcus, at 1036. In this case, the government very properly defended the Commissioner's decision. That is anticipated and commendable in our adversarial system. Thus, the court will look to "prelitigation conduct," the final decision of the Commissioner, to determine whether that was substantially justified.

As discussed above, the error occurred when the ALJ substituted his own judgment for that of a medical expert: "by rejecting the mental health opinion evidence before taking such evidence into consideration, the ALJ failed to consider whether plaintiff suffered from a mental disorder which may have been the root cause of his testimony." Where an ALJ substitutes his or her own opinion for that of a medical doctor, such a decision is not "substantially justified.". Kastman v. Barnhart, 2002 WL 31163748, *1 (N.D.Ill. Sept. 30, 2002) (awarding fees where ALJ substituted his opinion for that of medical expert); see also Rohan v. Chater, 98 F.3d 966, 970 (7th Cir.1996) (ALJs must not "succumb to the temptation to play doctor and make their own independent medical findings.") Likewise, the Fourth Circuit has long held that it is improper for an ALJ to substitute his opinion for that of a medical professional. Young v. Bowen, 858 F.2d 951, 956 (4th Cir.1988); Wilson v. Heckler, 743 F.2d 218, 221 (4th Cir.1984).

Having conducted a review of both the litigation and pre-litigation positions of the Commissioner, and finding that the ALJ was not substantially justified in rejecting a medical opinion, the court therefore finds that the Commissioner has not carried her burden and finds her pre-litigation position to be substantially unjustified.

## II. The Commissioner Takes Issue with the Number of Hours Expended and the Rate Charged by Counsel

### A. Hours

Where the Commissioner's argues that counsel for plaintiff has charged an excessive number of billable hours, the duty of the reviewing court is clear:

> [o]nce the district court determines that plaintiffs have met the threshold conditions for an award of fees and costs under the EAJA, the district court must undertake the task of determining what fee is reasonable. . . . Ideally, of course, litigants will settle the amount of a fee. However, where settlement is not possible, the fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended. Counsel should submit evidence supporting the hours worked, and exercise billing judgment with respect to hours worked. Hours that are not properly billed to one's client also are not properly billed to one's adversary pursuant to statutory authority.

Hyatt v. Barnhart, 315 F.3d 239, 253 (4 Cir. 2002) (internal citations and quotations omitted). On review of the plaintiff's motion, and the specific objections lodged by the Commissioner, the court finds the following:

(1) .5 attorney hours spent before preparing the Complaint: Rule 11, Federal Rules of Civil Procedure, requires an attorney to file a pleading only "after an inquiry reasonable under the circumstances . . . ." Expending a half-hour prior to preparation of a complaint, to determine if the client wants to proceed, has the funds to pay the filing fee, or has somehow recovered, is certainly reasonable under Rule 11 and is well in keeping with the tradition in the Western District of North Carolina for an attorney to be ready to proceed at the time the civil complaint is filed.

(2) 1.0 hour of paralegal & .5 hours of attorney time based on dual representation: The Commissioner objects to this expenditure arguing that it would not have been necessary had one attorney handled the case. Counterposed to such argument is the government's own brief, that shows that two attorneys worked on this matter for the government. The inquiry for this court does not concern the wisdom of employing two attorney, but whether such dual employment resulted in duplication of effort. Ward v. Kelly, 515 F.2d 908, 912 (5th Cir. 1975).

    Review of the respective affidavits of counsel reveals that each attorney was providing valuable and non-duplicative services to the claimant. Revision and review of drafts by colleagues is not only reasonable, it reflects the highest degree of professionalism in the practice of law. Again, the Commissioner's own brief opposing the award of fees reflects that two attorneys worked on it, and the court does not doubt that such attorneys each exercised the same degree of professionalism in carefully reviewing what they were signing. The Commissioner's objection is overruled.

(3) 1.0 hour of paralegal time for creation of certificates, table of contents, and table of authorities: The Commissioner correctly argues that such devices are not required; however, some of the most highly skilled practitioners appearing in this district employ such aids to assist the court in performing its review of what can be overwhelming submissions. The Commissioner's objection is overruled.

(4) 2.0 hours of paralegal time because the court addressed only a "small portion" of the brief. The issue is not what section of the brief the court may have

focused on, but whether the arguments submitted in the brief as a whole were necessary in providing the client with adequate and professional representation. The court has carefully reviewed plaintiff's brief and finds that none of the arguments were interposed for an improper purpose, that each argument was submitted in conformity with Rule 11, and that such brief was necessary for the complete and professional representation of this plaintiff. The Commissioner's objection is overruled.

(5) .5 hours of attorney time & .1 hours of paralegal time spent seeking an extension of time. Counsel for plaintiff has adequately shown that no time was billed for seeking extensions of time. See Document 25, at 17. The Commissioner's objection is overruled.

(6) 1.7 hours of paralegal time for performing clerical tasks. While the court takes note that the district court has stricken attorney time for accomplishing clerical tasks, and that paralegal time should not be billed for tasks that can be accomplished by a lower rung in a law office, such as "mailing, filing, and serving" documents. Counsel for plaintiff has argued that these tasks did not involve the activities listed by the Commissioner, but instead involved drafting letters to the client and transmittal letters to the Clerk of this court. Those tasks are the type of work which requires some legal training and are appropriately delegated to a paralegal as opposed to a clerical assistant. Inasmuch as counsel for plaintiff has represented that such quasi-legal services were in fact performed by a paralegal, the Commissioner's objection is overruled.

(7)   .25 hours of attorney time in reviewing and filing the Complaint. In Jenkins v. Commissioner, 2:04cv30 (2005), Honorable Lacy H. Thornburg, United States District Judge, found that the filing of the Complaint does not require the expertise of experienced counsel. Id., at 2. Inasmuch as the review and filing has not been separated, billing for filing at the attorney rate is not proper. While the court agrees with plaintiff that this is a *de minimis* objection, the court will strike this 15 minutes. The Commissioner's objection on this point is sustained.

(8)   .1 hour of attorney time spent on miscellaneous matters. This is an objection to 6 minutes of billable time. Commissioner has failed to specify what her objection is to this expenditure, and the court simply will not further waste judicial resources over 6 minutes inasmuch as "miscellaneous" is a proper description of certain attorney functions so long as such designation is not overused. The Commissioner's objection is overruled.

(9)   1.8 hours drafting a consent order. After conducting its initial review of the pleadings, the court requested of both parties that they attempt to resolve this claim amicably. This has been the practice in this district for a number of years, was commenced at the suggestion of the government, and has been an expeditious avenue for resolution of cases. While Social Security cases are excepted by Local Rule 16.2(B), alternative dispute resolution is anticipated by the Federal Rules of Civil Procedure and the Local Rules of this court. Indeed, attorneys have an affirmative duty to attempt to resolve disputes amicably before they even file a motion. See L.R. 7.1(A).

At present, the undersigned has the highest number of pending Social Security appeals in the district. The tool of initiating discussions between counsel helps clear the docket and extends to resolving EAJA requests, all at the suggestion of the Commissioner. Further, the court finds that appeals to the Fourth Circuit are subject to mandatory mediation.[1] Finding that attempts to amicably resolve a pending civil action with opposing counsel is not only within the realm of professional representation but required by Local Rule 7.1(A), the Commissioner's objection is overruled.

* * *

In conclusion, the court will deduct 15 minutes of attorney time from plaintiff's original bill, and add 6.95 hours for preparation of the reply brief submitted in response to such objection. The court will reduce that amount by another 15 minutes for the portion of the reply devoted to the 15 minutes that was stricken in original petition. Based on such, 6.45 hours of attorney time will be added overall to the bill.

**B.      Rate**

The Commissioner appears to limit her challenge to the attorney rate of $157.68 as requested by plaintiff, arguing instead for a rate of $147.63.[2] While the Commissioner has cited an unpublished opinion of the Chief Judge of this district from 2004 to justify such lower rate, she failed to cite the court to a 2005 decision of Judge Thornburg involving this

---

[1] If the policy of the Commissioner has changed as to voluntary, informal mediation of claims on a case-by-case referral, the United States Attorney should so inform this court.

[2] The court finds that in any event, the rate of $65 per hour for paralegal time is appropriate in light of Jenkins, supra.

same attorney approving compensation at a higher rate.³ See Jenkins v. Commissioner, supra. Title 28, United States Code, Section 2412(d)(2)(A) provides for the award of "reasonable" attorney fees to the prevailing party.

> The amount of fees awarded under this subsection shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . (ii) attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

28 U.S.C. § 2412(d)(2)(A)(ii). In determining an appropriate hourly rate, this court has considered the "prevailing market rates" for services charged by lawyers of similar talents and experience as well as cost of living increases or other "special factors." Sullivan v. Sullivan, 958 F.2d 574, 576 (4th Cir. 1992). Inasmuch as this specific issue, with this same attorney with identical affidavits of other practitioners, was specifically and recently addressed and resolved by the district court in Jenkins v. Commissioner, the undersigned respectfully adopts the reasoning of the district court as if fully set forth herein.

> A fee based upon reasonable rates and hours is presumed to be fully compensatory without producing a windfall. In 'exceptional circumstances,' this presumptively fair lodestar figure may be adjusted [upward].

Daly v. Hill, 790 F.2d 1071, 1078 (4th Cir. 1986). As did the district court in Jenkins, the undersigned concludes the evidence presented satisfies the requirements of this test.

**ORDER**

**IT IS, THEREFORE, ORDERED** that the plaintiff's motion for attorney's fees under the EAJA is **GRANTED IN PART AND DENIED IN PART**, and plaintiff is hereby

---

³ The Commissioner's failure to cite this court to the more favorable and more recent decision of Judge Thornburg involving an identical challenge to this same attorney's hourly rate is troubling. Judge Thornburg entered his decision three months to the day before the Commissioner filed her objection.

awarded the sum of **THREE THOUSAND, EIGHT HUNDRED FIFTY TWO DOLLARS AND THIRTY NINE CENTS** ($3,852.39) pursuant to the EAJA on the original request, 28 U.S.C. § 2412(d), **ONE THOUSAND SIXTY FOUR DOLLARS AND THIRTY FOUR CENTS ($1,064.34)** pursuant to the EAJA on the supplemental request, <u>id.</u>, for a total award of **FOUR THOUSAND NINE HUNDRED AND SIXTEEN DOLLARS AND SEVENTY THREE CENTS ($4,916.73).**

**Signed: November 14, 2005**

/s/ Dennis L. Howell

Dennis L. Howell
United States Magistrate Judge