IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
BRYSON CITY DIVISION
2:04cv255

| | |
|---|---|
| KIM C. LONDO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| Vs. | ) ORDER |
| | ) |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

**THIS MATTER** is before the court in accordance with 28, United States Code, Section 636(C), and upon plaintiff's Motion for Attorney's Fees Under the Social Security Act (#27) in the amount of $9,521.63, pursuant to 42, United States Code, Section 406(b)(1). Previously, this court awarded fees and costs pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), in the amount of $4,916.73.

The Social Security Administration provides three methods by which a claimant's attorney may be paid fees in disability cases. Section 206 of the Social Security Act, 42 U.S.C. § 406, as well as the Agency's implementing regulations, bifurcate attorney's fees for: (1) representation of claimants into services before the Agency; and (2) services before the courts. Section 406(a), provides attorneys with the means of requesting fees directly from the Agency, either through a fee petition or through a fee agreement. Section 406(b) applies to cases that proceed to federal court, and where a judgment favorable to the claimant is rendered, the court may

determine and allow a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment. 42 U.S.C. § 406(b)(1)(A). Fees may be allowed by a petition for fees pursuant to the EAJA, 28 U.S.C. § 2412(d). An EAJA award is permitted if a claimant receives a favorable decision from a court.

As in the instant case, a favorable decision is most commonly made via remand pursuant to sentence four of 42 U.S.C. § 405(g). Where as here an earlier award is made under EAJA, a second fee award may be made pursuant to Section 406 of the Social Security Act; however, claimant's attorney must surrender the smaller of the two awards to the claimant. Gisbrecht v. Barnhart, 535 U.S. 789, 796 (2002). Because the EAJA fee is paid from Agency funds and not the claimant's funds, return of the lesser award to claimant (in this case the award under EAJA) serves to offset the burden of attorney's fees on a claimant who successfully defends her claim in federal court.

Considering the instant claim for fees under Section 406 of the Social Security Act, it is undisputed from the papers presented that $14,821.63 is 25 percent of the plaintiff's retroactive benefit, and that counsel has administratively requested $5,300.00 as a fee from the Agency attributed to his administrative work before the Agency; thus, the most this Court can award pursuant to Section 406(b) is $9,521.63. Counsel for plaintiff has requested such an award and presented the court with a copy of his fee agreement. The Commissioner does not oppose such an award.

The court finds that the proposed award is just and reasonable based on the services rendered, the experience of counsel, and the skill required to perform the

legal services properly, and the court incorporates herein by reference the discussion contained in the previous award under EAJA. In making such determination, the court has considered the character of the representation and the results the attorney achieved. The court finds that the quality of the representation was at or above the this court's expectations in the field of prosecution of Social Security appeals. There was no delay in this matter attributable to counsel that would justify a reduction based on unnecessary accumulation of benefits. While the benefits to be received by plaintiff are significant, they do not amount to large sum in comparison to the amount of time counsel spent on the case, and a downward adjustment is not in order. While the court has not considered the professional hours spent on this matter or hourly rate as a basis for satellite litigation, but only as an aid to the court's assessment of the reasonableness of the fee yielded by the fee agreement, it appears to the court that the contingent fee is well within the realm of reason, especially when one considers the enormous costs in maintaining a private practice. See Gisbrecht v. Barnhart, supra, at 808.

Finding that that the attorney and the claimant had in place a fee agreement providing for a fee of 25 percent of past due benefits, which is permitted as a matter of law, and finding that the fee sought is reasonable for the services rendered, the court will award counsel for plaintiff a fee of $9,521.63 under Section 406, conditioned upon the return of the $4,916.73 EAJA award to plaintiff.

**ORDER**

**IT IS, THEREFORE, ORDERED** that the plaintiff's second Motion for Attorney's Fees under the Social Security Act is **GRANTED,** and counsel for plaintiff is hereby awarded the sum of **NINE THOUSAND, FIVE HUNDRED, AND TWENTY-ONE DOLLARS, AND SIXTY THREE CENTS ($9,521.63)**, and counsel for plaintiff shall, upon payment of such fee, return to plaintiff the total EAJA award of **FOUR THOUSAND NINE HUNDRED AND SIXTEEN DOLLARS AND SEVENTY THREE CENTS ($4,916.73).**

The court greatly appreciates the professional manner in which respective counsel have handled this case.

Signed: May 22, 2007

Dennis L. Howell
United States Magistrate Judge